# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZI DANIEL JONES, | Case No. 1:14-cv-00124-BAM-PC |
| Plaintiff, | ORDER DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| MR. BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

By order filed November 13, 2014, the Court dismissed the complaint for failure to state a claim. Plaintiff's entire statement of claim, as set forth in the original complaint, follows.

> While in Reception I volunteered to work in Wasco State Prison's kitchen. The very first day of work about 5 hours in I slipped and fell, hitting my head on a tray cart. I was taken to San Joaquin (an outside hospital) where I received 5 staples in the back of my head. I also received a CT scan, an MRI, and a lumbar puncture to determine the cause of my migraine headaches, blurry vision, dizzy spells, nausea and black-outs. I have witnesses who saw the incident and who can testify regarding the working conditions, lack of work gear and other useful information.

(Compl. ¶ III.) The Court directed Plaintiff to file an amended complaint within thirty days. On December 8, 2014, Plaintiff filed a first amended complaint. Thereafter, on August 17, 2015,

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 14, 2014 (ECF No. 10).

1

1 this Court issued an order due to the reassignment of the case based on the retirement of the
2 presiding judge.  That order was returned as undeliverable on August 24, 2015.

**Deficiencies in the First Amended Complaint**

In the order dismissing the complaint, the Court advised Plaintiff of the standards for an Eighth Amendment claim, and specifically advised Plaintiff of the following requirements to state a claim under section 1983.  Plaintiff must allege facts indicating that (1) each defendant acted under color of state law and (2) each defendant deprived Plaintiff of a right secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff was specifically directed that he must describe where each individual defendant is employed and in what capacity.  Plaintiff was specifically directed to describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff was granted leave to file an amended complaint that cures the deficiencies identified in the order dismissing the original complaint.  The order advised Plaintiff that the amended complaint must state what each defendant did that led to the deprivation of Plaintiff's rights.  Although accepted as true, the factual allegations must be sufficient to raise a right to relief above the speculative level.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007(citation omitted).

In his first amended complaint, Plaintiff wholly fails to comply with the order dismissing the original complaint.  Plaintiff vaguely alleges that he would not have been injured if he was only allowed to work a maximum of four hours per day.  Plaintiff refers the Court to regulation that indicate that staff members are responsible for inmate safety, and repeats his assertion that

working more than four hours per day without proper gear and equipment violated his rights.

The first amended complaint does not address the concerns noted in the Court's order dismissing the original complaint. (Doc. 14.) Plaintiff does not identify any individual conduct by any individual defendant. Plaintiff merely re-asserts his conclusion that his rights were violated. Plaintiff has not cured the deficiencies identified on the order dismissing the original complaint. Because it may be possible for Plaintiff to cure the defects by filing a second amended complaint, the Court would ordinarily grant Plaintiff leave to do so.

**Failure to Keep Court Informed**

However, Plaintiff has failed to keep the Court informed of his current address pursuant to Local Rule 183(b). On August 7, 2015, an order was served on Plaintiff, advising him of the reassignment of this action. On August 24, 2015, that order was returned to the Court as undeliverable. On the same date, Plaintiff filed a notice of change of address. (ECF No. 17.) The order was re-served on Plaintiff at the address he provided to the Court. On September 8, 2015, the order was returned to the Court as undeliverable. Local Rule 183(b) provides that if mail directed to a pro se plaintiff is returned by the U.S. Postal Service, Plaintiff fails to notify the Court within 63 days of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

The 63 day period in which to notify the Court of a current address has passed, and Plaintiff has not notified the Court of a current address, or otherwise responded to the Court. Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any other order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 54-55 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61(9th Cir. 1992)(dismissal for failure to

comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. The Court cannot proceed on the case without a means of communicating with Plaintiff. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, IT IS HEREBY ORDERED that this action be dismissed without prejudice for Plaintiff's failure to comply with Local Rule 183(b). The Clerk is directed to close this case.
IT IS SO ORDERED.

Dated:   **November 13, 2015**          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE